IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SABRINA SANCHEZ,

    Plaintiff,

  vs.                               No. 2:12-cv-3086 JAM GGH PS

OFFICE OF LEGISLATIVE COUNSEL -

LEGISLATIVE DATA CENTER,

    Defendant.               ORDER

_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

       The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

\\\\\
\\\\\
\\\\\

According to the complaint, plaintiff is a forty year old Hispanic woman who has worked for the Office of Legislative Counsel since 1998.[1] The complaint alleges that defendant discriminated against her based on her age and disability due to a work related injury, as well as nepotism. She also claims adverse employment action in the form of being denied promotional opportunities and retaliation for her "protected activities regarding the differential standards, nepotism practice by managers for their relatives and friends over longer employed and experienced employees like the Plaintiff." (Compl. at 1-2.) The complaint alleges violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII.

Plaintiff claims that she did not receive her right to sue letter until September 29, 2012, and filed this incomplete complaint in order to avoid being barred by the statute of limitations. She requests leave to amend.

Attached to plaintiff's complaint is a U.S. Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights, signed September 24, 2012. It states that the EEOC is dismissing plaintiff's charge, and explains:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The notice also advised plaintiff that she should file a lawsuit within 90 days of receipt of the notice. Plaintiff commenced this action on December 26, 2012.

ADEA CLAIM

Plaintiff alleges a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

---

[1] It is not clear whether plaintiff is still working for defendant; however the complaint refers to events taking place through 2012.

because of such individual's age." 29 U.S.C. § 623(a)(1).  These prohibitions apply to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a).  See also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280 (9th Cir. 2000).

"A plaintiff alleging discrimination under the ADEA may proceed under two theories of liability: disparate treatment or disparate impact.  Proof of disparate treatment requires a showing that the employer treats some people less favorably than others because of their age.  In contrast, discriminatory motive or intent need not be shown under a disparate impact theory, which challenges facially neutral employment practices which have a discriminatory impact.  However, under the latter theory the plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference of discriminatory impact." Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990) (citations omitted).

In an ADEA case, "[a] plaintiff must first establish a prima facie case of discrimination.  If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision.  Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted).

Assuming that plaintiff is attempting to proceed on a theory of disparate treatment, to establish a prima facie case of discrimination under the ADEA on this theory, plaintiff must show that (1) she was within the protected class of individuals, i.e. at least 40 years of age; (2) she applied for a position for which she was qualified; (3) she was not hired; and (4) a substantially younger person with similar (or lesser) qualifications received the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987); Pusa v. Holder, 341 Fed. Appx. 318, 319 (9th Cir. 2009).

However, a plaintiff is not required to establish a prima facie case in the complaint, because the prima facie case in the discrimination context "is an evidentiary standard,

not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).[2] Instead, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511. Twombly and Iqbal nevertheless clarified and made more stringent the rules for assessing the sufficiency of a complaint, and courts have recognized that the elements of a prima facie case "are nonetheless relevant to the court's analysis of the sufficiency of the complaint." O'Donnell v. U.S. Bancorp Equipment Finance, Inc., 2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010); Sablan v. A.B. Won Pat Int'l Airport Authority, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010). After citing several other district court cases in the Ninth Circuit that have ostensibly employed this approach, one court noted:

> Common to all these cases is the recognition that although the elements of a *prima facie* employment discrimination case constitute an evidentiary standard, not a pleading requirement, *Twombly* and *Iqbal* have indisputably pushed pleading standards a bit back in the direction of fact pleading. Courts therefore *must* look at a complaint in light of the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The idea, then, is not that *Swierkiewicz* has been overruled, but rather that, after *Twombly* and *Iqbal*, an employment discrimination plaintiff must get closer to alleging a *prima facie* case than was necessary a few years ago.

Sablan, 2010 WL 5148202, at *4.

Here, plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff has failed to allege whether she is proceeding under a disparate treatment theory or a disparate impact theory. At least for purposes of screening under 28 U.S.C. § 1915, plaintiff adequately alleges that she was over 40 years of age, but she does not allege that she was

---

[2] Even on a motion for summary judgment, "[t]he requisite degree of proof necessary to establish a prima facie case for . . . ADEA claims . . . is minimal and does not even need to rise to the level of a preponderance of the evidence. The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination. The amount of evidence that must be produced in order to create a prima facie case is 'very little.' Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." Wallis, 26 F.3d at 889 (citations and internal quotations omitted).

qualified for the positions for which she applied. Although Exhibit B states defendant's asserted reason for not promoting her to the position of Information Technology Specialist I was because she did not have "sufficient experience," plaintiff must allege that she *was* qualified for this position, but her complaint does not so allege. Although not required at the pleading stage, plaintiff will eventually be required to prove that defendant's asserted reason for not promoting her was a pretext for discrimination. Furthermore, although plaintiff alleges that defendant's manager, Ellen Donati, hired the daughter of a fellow manager instead of herself, plaintiff entirely fails to allege any facts suggesting that this hire was a substantially younger person. Plaintiff does properly allege that the person hired had lesser qualifications by virtue of her statement that plaintiff was required to train this person and assist her with her work. (Compl. at 2.) However, plaintiff alleges in part that these actions were based on nepotism. (Id. at 2.) The ADEA only provides relief for discrimination based on age, not nepotism.[3] To state a viable claim, plaintiff must allege, if she can do so in good faith, facts plausibly suggesting that a substantially younger person with similar (or lesser) qualifications received the position she applied for, and that plaintiff was qualified for this same position. Plaintiff will be permitted to file an amended complaint that corrects these deficiencies.

TITLE VII CLAIM

Plaintiff alleges that defendant discriminated against her under Title VII of the Civil Rights Act based on nepotism, her disability based on a worker's compensation injury, and for engaging in protected activities. (Compl. at 1-2.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color,*

---

[3] Nor do Title VII or the ADA provide relief for job preference based on nepotism.

*religion, sex, or national origin.*" Id., § 2000e-2(a)(1) (emphasis added). If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII. Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).[4] An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1.

Plaintiff mentions her race in an introductory paragraph of the complaint to describe herself, (Compl. at 1), but nowhere else does she allege that defendant discriminated against her on the basis of race. The complaint fails to meet the standards for discrimination under the authority set forth above. This claim will also be dismissed with leave to amend.

AMERICANS WITH DISABILITIES ACT CLAIM

Plaintiff is barred from proceeding with a claim against the Office of Legislative Council under Title I of the Americans with Disabilities Act ("ADA"), enacted in 1990, 42 U.S.C. §§ 12101 et seq., which precludes discrimination by an employer against "a qualified individual with a disability because of the disability." Id., § 12112(a).

The Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or a state agency unless the state or agency consents to such suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Quern v. Jordan, 440 U.S. 332 (1979); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The Eleventh Amendment does not bar suits for prospective injunctive relief against State officials in their

---

[4] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. See Draper, 147 F.3d at 1107.

official capacities.  Frew v. Hawkins, 540 U.S. 431, 437 (2004); Ex Parte Young, 209 U.S. 123 (1908).

      Congress may abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. Board of Trustees v. Garrett, 531 U.S. 356, 363 (2001).  The Supreme Court has determined, however, that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I of the ADA.  531 U.S. at 374 & n.9.

      To the extent that plaintiff seeks injunctive relief which is only pled in a conclusory formulaic manner, the recourse of injunctive relief also is not available against a state under Title I.  See Savage v. Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003) (finding that "Congress may not abrogate the sovereign immunity of the states for suits under Title I of the ADA," pursuant to Garrett, and thus an arm of the state may not be sued in federal court for injunctive or monetary relief under Title I).  Accordingly, the court finds that defendant Office of Legislative Council enjoys absolute immunity against plaintiff's ADA claim under the Eleventh Amendment.

AMENDMENT

      Accordingly, the court will dismiss plaintiff's complaint, but with leave to amend.  If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights utilizing the standards set forth above.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa

1  County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,
2  the original pleading no longer serves an operative function in the case.  Therefore, in an
3  amended complaint, as in an original complaint, each claim and the involvement of each
4  defendant must be sufficiently alleged.
5  REQUEST FOR APPOINTMENT OF COUNSEL
6          Plaintiff also requests appointment of counsel within her complaint.  The district
7  court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent
8  civil litigant.  First, however, the court must evaluate both (1) the likelihood of success on the
9  merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity
10 of the legal issues involved.  See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
11 On the record before it, the court cannot find a likelihood of success on the merits.  See Franklin
12 v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in
13 exceptional circumstances and at discretion of trial court).
14 CONCLUSION
15         Good cause appearing, IT IS ORDERED that:
16         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
17         2.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave
18 to file an amended complaint within twenty-eight (28) days from the date of service of this Order.
19 Failure to file an amended complaint will result in a recommendation that this action be
20 dismissed.
21         3.  Plaintiff's request for appointment of counsel is denied.
22 DATED: April 11, 2013
23
                        /s/ Gregory G. Hollows
24                 UNITED STATES MAGISTRATE JUDGE
25 GGH:076/Sanchez3086.ifp.amend.wpd
26